WRIGHT, J.
If the party interested in the mandate of a superior to an inferior court, for further proceedings in a cause, present the mandate and move to reinstate the cause, it does not lie in the discretion of the inferior court to obey or refuse. If the mandate have the obligation of authority, the inferior court must obey. Counsel for the defendants are mistaken in the supposition that the ¡capers in the cause are removed on error to the Supreme Court and remain here with our clerk until called for. The original papers remain in the Common Pleas; a transcript only of the record, by our law, is sent upon error. The law authorizing & summary transcript, and special mandate to the Common Pleas relates only to judgment on error where no other action of the inferior court is required than process 590] *of execution. That transcrijDt and mandate should be made by the clerk of the Supreme Court in each case, for the party interested, who has a right to it on application and the payment of the clerk’s fees. The clerk of the Supreme Court is under no obligation, if hehas authority, to transmit the mandate to the Court of Common Pleas or to its clerk; nor has the clerk of that court, if the mandate -were filed in his office, authority to act upon it without the order of the Court of Common Pleas on the subject.
In this case it appears the clerk of this court made out and transmitted to the clerk of the Court of Common Pleas a paper, called a transcript and mandate. It has little of technical form or comeli *609 ness, by which its true character is marked, or its object made known. It fails to convey information to the Court of Common Pleas, by command or otherwise, what is required of it — whether to issue process of execution merely for costs of the writ of error, pi'oceed to make restitution for the loss sustained by the erroneous judgment, or to reinstate and proceed further in the cause. It states-in general terms the judgment of the Court of Errors, but requires nothing of the inferior court. It shows that the Supreme Court directed a mandate, but not that the mandate issued in pursuance of the direction. It barely showed that some “further proceedings were intended to be had. We are clear that the Common Pleas,, when properly applied to, with a mandate or procedendo, has no discretionary power to enter or refuse to docket the cause and proceed. That court might have made the entry upon the informal and bungling mandate sent to it; hut was not bound to do so, and we doubt the policy of sanctioning so loose a practice in either court. The refusal to enter the cause on that application, lays no foundation, however, for an application to a court of error to reverse the refusing order of the Common Pleas. When the action of this court is invoked, to compel an inferior court to obey its mandates, coercive process is sought, not the reversal of the refusing order. Express authority is conferred upon this court to issue a writ of procedendo in cases brought into it by writ of error, and reversed in whole, or in part: (29 O. L. 77, 8.) The delay in applying for the writ does not work a discontinuance of the ease. It may be sued out now, unless the case is beyond the reach of this court. The special mandate having been sent to the Common Pleas, correct practice-would require of this Court to forbear further proceeding until officially advised of the steps taken in the premises by the court of Common Pleas. That court speaks only by its minutes; and a writ of certiorari is the proper writ to remove them here for inspection— *and therefore the entries of that court in this case are [591 properly before us for examination. Does the mist ake of the plaintiffin assigning errors upon the transcript, and improperly requiring of this court to reverse the order of the Common Pleas, deprive him of his rightful remedy on his writ? We think not. He can now move for a procedendo if he choose todo so. We regard all the proceedings upon this writ, requiring our action as a court of error merely, as a nullity, but the writ remains good for any other purpose.
A writ of procedendo was then moved for and awarded.